Wanamaker, J.
In the petition in error filed in the court of appeals there are thirty separate assignments of error, which involve repetitions, *430 superrefinements, trifling and technical distinctions, such as long ago should have been omitted from the standard practice of the law, in the interest of simplified, substantial justice.
As a rule cases involve but one pivotal point; sometimes two; rarely three. The other points raised are only chaff and shuck. So, here, the first substantial error entitled to consideration in this opinion relates to the alleged false and fraudulent statements of the insured touching the insurance and touching the loss by fire. These are questions of fact that were submitted to the jury upon the evidence tendered by the parties to the cause.
The jury found against the insurance company, and unless there was error in the charge of the court touching matters materially affecting the substantial rights of the party, to the prejudice of such party, the finding of the jury as to such matters of fact must control this court. This is, after all, only elementary.
No serious complaint is made of the charge of the court upon the subject of fraud upon the part of the insured, and the reading of the charge of the court in that behalf discloses that there was no prejudicial error.
There is but one remaining question in the case, upon which, after all, the defense was essentially if not exclusively based, and that is the question of waiver as to the sixty-day proof of loss. The policy in that respect provides in section 3: *431 after the loss unless such time is extended in writing by this company, shall deliver to this company at its office in Leroy, Ohio, a statement signed and sworn to by the insured, stating the time, origin and circumstances of the fire, the interest of the insured and of all others in the property,” etc.
*430 “3. In case of loss, the insured shall give immediate notice thereof in writing to this company, protect the property from further damage, put it in the best possible order, and within sixty days
*431 Cochran admitted that this formal notice of proof of loss was not given within the sixty days, but claimed in his amended petition that the company’s own acts and conduct, through its head office, its soliciting agents who wrote the policies or procured them to be written in Logan county, together with the orders and directions to the state fire marshal issued by the insurance company — that all these acts, in which the insurance company was the inducing and directing cause, constituted a waiver in fact and law; that so far as the provision in section 3 pertaining to the sixty-day notice was for the benefit of the insurance company, the insurance company had by its own acts and conduct brought “the origin and circumstances of the fire” to the attention of the state fire marshal’s department, which department was at the instance of the insurance company and its agents making an investigation as to the “origin and circumstances of the fire,” suspecting the. culpability of the plaintiff in that respect.
The court in its charge upon the question of waiver stated: *432 a man of ordinary judgment and discretion to believe that the formal proofs of loss within the sixty days would not be required, and that the same had been waived, that plaintiff so believed and so acted upon such belief, the company knowing it was so leading and causing plaintiff to so believe, would amount to a waiver of such proofs by acts and conduct of the defendant company.”
*431 “If you find from all the evidence and circumstances surrounding this case that there were such acts and such conduct on the part of the defendant, by its officer or officers or agent or agents, so authorized to so bind the company, that would cause
*432 The jury had before them the entire course of the dealings between the insured and the company and its agents, the oral testimony, and many letters; also the investigation that was then being conducted by the state fire marshal. The jury were in a most favorable position to weigh this evidence, and their finding in this behalf, sustained by the trial judge and the court of appeals, cannot be disturbed or reviewed by this court, especially in view of the fact that the most vital part of the proof of loss so far as the company was concerned related to “the origin and circumstances of the fire.” Owing to the loss being a total loss of all the contents, the other matters to be set forth in the proof of loss were largely formal and unimportant.
It seems to be conceded on both sides that the origin of this fire is involved in much mystery, and it is not infrequent, nor perhaps unnatural, to very often suspect the owner’s responsibility for the fire. He is in a peculiar position when resting under such suspicion, particularly if he be entirely innocent and an investigation is being conducted either by the company or by public authorities at its behest.
The proprieties, no less than the wisdom of the embarrassing situation, virtually require him to await this independent investigation, rather than to press his demands for immediate payment, or to *433 take any further steps upon his part essential to the formal proof of loss, to-wit, the origin and circum-, stances of the fire, until the investigation is completed and a formal report made by the state authorities, who are acting at the instance of the insurance company.
Probably no branch of our law has become more involved in diverse decisions and doctrines than the Jaw of insurance. Technical statutes have been enacted and technical decisions have been rendered, until the laws of insurance are in an almost hopeless state of confusion throughout the country, and it would be idle to attempt to harmonize them.
No doubt much of this diversity and confusion is due to the fact that we have departed too far from the fundamentals of the law of insurance. Insurance, no matter of what variety, is, after all, only a contract, and the basic laws applicable to contracts must be applicable to insurance policies.
Black in his law dictionary (2 ed.) defines “insurance” as follows:
“A contract whereby, for a stipulated consideration, one party undertakes to compensate the other for loss on a specified subject by specified perils. The party agreeing to make the compensation is usually called the ‘insurer’ or ‘underwriter’; the other, the ‘insured’ or ‘assured’; the agreed consideration, the ‘premium’; the written contract, a ‘policy’; the events insured against, ‘risks’ or ‘perils’; and the subject, right, or interest to be protected, the ‘insurable interest.’ ”
This definition has been generally accepted by courts, but is too often ignored in the decisions of courts.
*434 Now in the present case the owner of the property insured declares that he fully performed his part of the contract or policy, save and except the formal sixty-day notice referred to in the policy, and that formal notice he pleads has been waived by the acts and conduct of the insurance company, as by the terms of the contract the chief element in such notice related to “the origin and circumstances of the fire,” which was under investigation by the state fire marshal and his department at the instance of the insurance company. Other details are pleaded, but this is the bottom fact upon which the delays evidently depended.
It is an old rule of law, as old as the law of contracts, that where one party has substantially performed his part of the contract, he may call upon the other party to perform his part of the contract; or, such party failing so to perform, he may sue for breach of contract.
The law of an insurance contract is not basically different from the law of any other kind of contract. Where there is substantial performance upon one side, there should be substantial performance upon the other side; and there is substantial performance upon one side when such performance does not result in any wrongful substantial injury to the other side.
Now, under the circumstances of this case, how was the other side, the insurance company, in any wise substantially wronged by the insured failing within the sixty days to file that formal written notice of which the insurance company complained in the pleadings and at the trial? The insurance company was the one that was pleading for delay, and *435 not the insured. Grant that the company’s demand for delay was justified, it cannot thereafter be heard to complain that such delay, touching “the origin and circumstances of the fire,” brought about largely by itself rather than by the insured, had substantially injured it.
It is time to get away from some of the old-time doctrines — insuring the owner of property in one line, and then uninsuring him in the next ninety-nine, involving his contractual right in a maze of conditions precedent, conditions subsequent, conditions directory and conditions mandatory, under a contract, requiring formal and technical exactness as to the manner and form of all these policy provisions in insurance risks, which are not required in any other kind of contract.
Under the record in this case we find no prejudicial error materially affecting the substantial rights of plaintiff in error, and we further find under the record that substantial justice has been done.

Judgment affirmed.

Marshall, C. J., Johnson and Robinson, JJ., concur.
Hough, J., concurs in the judgment.